**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**STATE OF NEW MEXICO,**

      **Plaintiff,**

**vs.**                                                                          **No. 11-CV- 691 JP/WDS**

**UNITED STATES OF AMERICA;**
**KENNETH L. SALAZAR, Secretary of the**
**Department of the Interior;**
**MICHAEL L. CONNOR, Commissioner of the**
**Bureau of Reclamation;**
**FILIBERTO CORTEZ, Manager of the**
**El Paso Field Division of the**
**Bureau of Reclamation in El Paso;**
**UNITED STATES BUREAU OF RECLAMATION;**
**and the**
**UNITED STATES DEPARTMENT OF THE INTERIOR,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO JOIN EL PASO**
**COUNTY WATER IMPROVEMENT DISTRICT NO. 1 (EPCWID) AND ELEPHANT**
**BUTTE IRRIGATION DISTRICT (EBID) AS ADDITIONAL PARTIES**

In its COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (Doc. No. 1)

(Complaint) filed on August 8, 2011, Plaintiff State of New Mexico (Plaintiff or State) asks the

Court for a judgment declaring that the United States Department of the Interior's Bureau of

Reclamation (BOR), acting through its Manager of the El Paso Field Division, Filiberto Cortez,

has no authority to release or reduce the State's credit water from the Elephant Butte Reservoir.

Specifically, Plaintiff challenges the validity of an Operating Agreement executed on March 10,

2008 by the BOR, the El Paso County Water Improvement District No. 1 (EPCWID), and the

Elephant Butte Irrigation District (EBID) (together the Districts). In the Complaint, the State also

seeks an order declaring void the 2008 Operating Agreement (Agreement) and permanently

enjoining operations under it.  The Agreement was executed to settle litigation among the BOR,

EBID and EPCWID. *See Elephant Butte Irr. Dist. v. United States Dept. of the Int.*, Case No. 00-

CV-1309 RB/KBM.  The State alleges that the Agreement changed the allocations of water

released from the Elephant Butte Reservoir in violation of state and federal law.  In the UNITED

STATES' ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

(Doc. No. 16) (Answer), the United States asserts as its Third Affirmative Defense that the

Complaint should be dismissed for failure to join indispensable parties. (Ans. 14.)

Consequently, Plaintiff filed a MOTION TO JOIN EL PASO COUNTY WATER

IMPROVEMENT DISTRICT NO. 1 (EPCWID) AND ELEPHANT BUTTE IRRIGATION

DISTRICT (EBID) AS ADDITIONAL PARTIES [1] (Doc. No. 30) (Motion), and the Court will

grant it.

 In the Motion, Plaintiff claims that on November 14, 2011 at a meet and confer session,

the BOR's counsel informed Plaintiff's counsel that the BOR considered the Districts to be

indispensable parties.  Plaintiff asserts that this was the impetus for its Motion to join the

Districts.  However, in the BOR's Response to the Motion, the BOR avers that Plaintiff

---

[1] On December 20, 2011, the State filed its MOTION TO JOIN EL PASO COUNTY
WATER IMPROVEMENT DISTRICT NO. 1 (EPCWID) AND ELEPHANT BUTTE
IRRIGATION DISTRICT (EBID) AS ADDITIONAL PARTIES (Doc. No. 30) (Motion) and
attached a proposed FIRST AMENDED COMPLAINT FOR DECLARATORY AND
INJUNCTIVE RELIEF (Doc. No. 30-2.)  The federal defendants have indicated that they take no
position on the Motion. *See* FEDERAL DEFENDANTS' RESPONSE TO STATE OF NEW
MEXICO'S MOTION TO JOIN EL PASO COUNTY WATER IMPROVEMENT DISTRICT
NO. 1 (EPCWID) AND ELEPHANT BUTTE IRRIGATION DISTRICT (EBID) AS
ADDITIONAL PARTIES/DEFENDANTS (Doc. No. 34) (Response).

mischaracterizes its position.  According to the BOR, its Third Affirmative Defense, "gives rise

to no inference about Federal Defendants' views about who 'should be parties to th[e] case,' . . .

including whether personal jurisdiction exists to join such parties." (Resp. 2.)  Accordingly, the

"Federal Defendants take no position on the State's arguments that the two irrigation districts are

not immune from this lawsuit and whether EPCWID . . . established sufficient minimum

contacts in New Mexico to submit to this Court's jurisdiction." [2] (*Id.*)  In addition, the Federal

Defendants "reserve all their defenses in this action." (*Id.*)

STANDARD OF REVIEW

After a responsive pleading has been filed, a party may amend its pleading, ". . . only

with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

However, "[t]he court should freely give leave when justice so requires." *Id.*  The Supreme Court

has explained that denial of leave to amend is only appropriate under limited circumstances.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject
> of relief, he ought to be afforded an opportunity to test his claim on the merits. In the
> absence of any apparent or declared reason-such as undue delay, bad faith or dilatory
> motive on the part of the movant, repeated failure to cure deficiencies by amendments
> previously allowed, undue prejudice to the opposing party by virtue of allowance of the
> amendment, futility of amendment, etc.-the leave sought should, as the rules require, be
> "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The only amendment to the Complaint appears to be

the addition of the EBID and the EPCWID as defendants.  And, Plaintiff argues that joinder is

appropriate under Rule 19(a).

Under Fed. R. Civ. P. 19 (a),

(1) Required Party. A person who is subject to service of process and whose joinder will

---

[2] *Cf. Southwestern Bell Tel. Co. v. City of El Paso*, 243 F.3d 936, 940 (5th Cir. 2001)
(affirming denial of EPCWID's motion to dismiss on Eleventh Amendment immunity grounds).

not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

DISCUSSION

A.    Necessary Parties

Plaintiff asserts that the Districts should be joined because they are signatories to the Agreement, which the State seeks to nullify in this action. The Court agrees. The Districts, as parties to the Agreement, have interests related to the subject of this action, and a decision in this action might as a practical matter impair or impede the Districts' ability to protect those interests.  In *Enterprise Management Consultants, Inc. v. United States*, the Tenth Circuit Court of Appeals held that a party to a contract that is challenged in a lawsuit, is "a 'person claim[ing] an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may . . . as a practical matter impair or impede his ability to protect that interest.'" 883 F.2d 890, 893 (10th Cir. 1989).  Consequently, the Districts, as parties to the Agreement, are necessary parties that must be joined under Rule 19(a)(1)(A)(i).

B.    Service of Process

The determination as to whether the Districts are amenable to suit in this Court begins with service of process under Rule 4.  Under Fed. R. Civ. P. 4(j), EBID and EPCWID as "state-

4

created governmental organizations," can be served by delivering a copy of the summons and complaint to each of their chief executive officers; or by serving a copy of each in the manner prescribed by that state's law for serving a summons.  Fed. R. Civ. P. 4(j)(2).  The EBID is a quasi-municipal corporation organized under New Mexico law, and its primary offices are located in Las Cruces, New Mexico.  As a resident of New Mexico, EBID is subject to this Court's jurisdiction, and EBID may be served under Rule 4(j).

EPCWID, a political subdivision of the State of Texas with its primary office in neighboring El Paso, Texas, is not a resident of New Mexico.  TEX. CONST. art XVI, § 59. Rule 4(j) governs service of process on a subdivision of a non-resident government.

> (2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is ***subject to suit*** must be served by:
>
> > (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> >
> > (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j) (emphasis added).[3]  Rule 4(k) provides,

> (1) In General. Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> > (A) who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]

Fed. R. Civ. P. 4(k). When a federal court determines whether it has personal jurisdiction over a defendant under Rule 4(k), it asks whether the defendant would be subject to personal

---

[3] This provision authorizes service on the defendant's "chief executive officer," whatever the officer's formal title, but allows in the alternative service by any method state law allows. Here the state referred to is the state which is the defendant or of which the defendant is a unit. Fed. R. Civ. P. 4(j) comment C4-28. Thus, Plaintiff may serve EPCWID under Rule 4(k) or under Texas service of process rules.

jurisdiction in the state where the federal court sits.  *Id. See also Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008) (finding that since Declaratory Judgment Act does not provide for nationwide service of process, Rule 4(k)(1)(A) requires court to apply the law of the state in which the district court sits).

      B.      Personal Jurisdiction Over EPCWID

"The plaintiff bears the burden of establishing personal jurisdiction over the defendant." *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984).  In the Motion, Plaintiff contends that EPCWID is subject to this Court's jurisdiction because it has maintained a continuous presence in New Mexico since 1938, when it entered into contracts with EBID to receive water from the Rio Grande Project. (Mot. Ex. B.)  Water from the Rio Grande Project is stored in Elephant Butte Reservoir and Caballo Reservoir, both of which are located in New Mexico.  The BOR has transferred operation and maintenance of some of the irrigation works to EPCWID.  Some of EPCWID's irrigation equipment and structures, including diversion structures, are located in New Mexico.  Moreover, EPCWID is a signatory to the Agreement, which is the subject of this litigation.

To determine whether the Court has personal jurisdiction over EPCWID, the Court begins with two questions. *Dudnikov*, 514 F.3d at 1070.  First, the Court asks whether any applicable statute authorizes the service of process on the party. Second, the Court determines whether the exercise of such statutory jurisdiction comports with constitutional due process demands. *Id.* (citing *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006)).  None of the statutes involved in this case provide for nationwide service of process.  *See Dudnikov*, 514 F.3d at 1070 (noting that the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. does not provide for nationwide service of process).  Therefore, under Fed. R. Civ. P. 4(k)(1)(A), the Court must

apply the law of New Mexico to determine whether to exercise personal jurisdiction over EPCWID. *Id.*

A party seeking to establish personal jurisdiction over a nonresident must make two showings: 1) that the exercise of jurisdiction is sanctioned by the state's long-arm statute; and 2) that it comports with the due process requirements of the Fifth Amendment. *Peay v. BellSouth Medical Assistance Plan*, 205 F.3d 1206, 1209-10 (10th Cir. 2000). The New Mexico long-arm statute is interpreted coextensively with the constitutional limitations imposed by the federal due process clause. *Trujullo v. Williams,* 465 F.3d at 1217. Thus, the Court will determine whether it has jurisdiction over EPCWID using federal due process considerations. *Id.*

To exercise jurisdiction in harmony with due process, a defendant must have "minimum contacts" with the forum state, such that having to defend a lawsuit there would not "offend traditional notions of fair play and substantial justice." *Dudnikov*, 514 F.3d at 1070 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In the due process analysis, the Court first considers "whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir.1998) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Next, the Court determines "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice,'" or whether the exercise of personal jurisdiction is "reasonable under the circumstances of a given case." *OMI Holdings*, 149 F.3d at 1091 (quoting *Asahi Metal Indus. Co. v. Super. Ct. of Calif.*, 480 U.S. 102, 105 (1987) (plurality opinion)); *TH Agric. & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1292 (10th Cir. 2007). This analysis is fact specific. *Id.* at 1287.

The "minimum contacts" test may be satisfied by showing that the party has had either general contacts with the forum state or specific contacts related to the subject of the lawsuit. *Employers Mutual Casualty Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1159 (10th Cir. 2010).  If a party has had "continuous and systematic general business contacts" with the forum state, it may be subject to general jurisdiction. *Trujillo*, 465 F.3d at 1218 n. 7 (citation omitted). However, in the absence of continuous and systematic contacts, a party may be subject to the Court's jurisdiction if the party has purposefully directed its activities at residents of the forum and if the cause of action arises out of or relates to those activities. *TH Agric. & Nutrition*, 488 F.3d at 1287 (citation omitted).  Because this case involves a contract, the Court concludes that will also examine whether EPCWID "purposefully availed" itself of the privilege of conducting activities or consummating the subject transaction in New Mexico, the forum state. *Dudnikov*, 514 F.3d at 1071.

Plaintiff argues that EPCWID's contacts with New Mexico fulfill both the general contacts test and the specific contacts test.  EPCWID has had continuous contacts with New Mexico since 1938 through contracts to receive water from the Rio Grande Project. (*See* Mot. Ex. B)  Since 1938, EPCWID has received water from the Rio Grande Project under the terms of the Rio Grande Compact for irrigation of land within its boundaries.  The delivery systems for the water, including release, diversion and irrigation structures have been transferred to EPCWID and those structures are located in both Texas and New Mexico. (Mot. Ex. C.) EPCWID has maintained a continuing relationship with New Mexico through its participation in several adjudications and lawsuits related to the Rio Grande Project, and EPCWID regularly employs local counsel in New Mexico.  *See State of New Mexico v. Elephant Butte Irr. Dist*., Case No. CV-96-888 (state water adjudication); (Mot. Ex. E.)

In addition, EPCWID has specific relationship with the subject matter of this lawsuit, namely the Agreement, which the State seeks to nullify.  Plaintiff also contends that by allowing carryover accounting of credit water, the Agreement effectively gives EPCWID the right to store water in Elephant Butte Reservoir, which is another specific jurisdictional contact.

EPCWID has general jurisdictional contact with New Mexico through its participation in the Rio Grande Project and its maintenance of infrastructure in New Mexico.  EPCWID also has a specific interest in the subject of this lawsuit as a party to the Agreement. Therefore, EPCWID has sufficient general and specific contacts with New Mexico for this Court to appropriately exercise jurisdiction under the requirements of due process.

Next, the Court must determine whether the exercise of personal jurisdiction over EPCWID is reasonable.  In this analysis, the Court balances the burden on the defendant, the forum state's interest in resolving the dispute, the plaintiff's interest in receiving convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several states in furthering fundamental social policies.  *Intercon v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1249 (10th Cir. 2000).

Plaintiff contends that EPCWID's interest in litigating in its home state of Texas is the only element that weighs against this Court's exercise of jurisdiction.  Plaintiff maintains that this element is not significant since EPCWID has litigated in New Mexico and has used local New Mexico counsel in the past.  By contrast, the Plaintiff's interest in a convenient forum, the judicial system's interest in efficiently resolving this dispute, and the shared interest in interstate resolution of water disputes are either neutral or weigh in favor of maintaining jurisdiction in this Court.  In the final analysis, allowing joinder of EPCWID is reasonable and does not offend the notion of fair play and substantial justice.

9

In addition, joinder of EPCWID will not cause delay or inconvenience to the parties in this action.  The litigation is in its early stages.  The parties have not begun the discovery process. The City of Las Cruces and the Middle Rio Grande Conservancy District have moved to intervene as plaintiffs.  Thus, the final slate of parties is not finally determined.  All case management deadlines have been stayed.  *See* ORDER MODIFYING ALL DEADLINES IN THE INITIAL SCHEDULING ORDER (Doc. No. 22).

IT IS ORDERED that: (1) the MOTION TO JOIN EL PASO COUNTY WATER IMPROVEMENT DISTRICT NO. 1 (EPCWID) AND ELEPHANT BUTTE IRRIGATION DISTRICT (EBID) AS ADDITIONAL PARTIES (Doc. No. 30) is granted; and (2) that the State of New Mexico is given leave to file its proposed FIRST AMENDED COMPLAINT FOR DECLARATORY AN INJUNCTIVE RELIEF (Doc. No. 30-2.)

_____
SENIOR UNITED STATES DISTRICT JUDGE