**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

STATE OF NEW MEXICO,

Plaintiff,

CITY OF LAS CRUCES,

Plaintiff/Intervenor,

vs. No. CIV 11-0691 JB/ACT

UNITED STATES OF AMERICA,
KENNETH L. SALAZAR, Secretary of the Department of Interior, in his official capacity,
MICHAEL L. CONNOR, Commissioner of the Bureau of Reclamation, in his official capacity,
FILIBERTO CORTEZ, Manager of the El Paso Field Division of the Bureau of Reclamation in El Paso, Texas, in his official capacity,
U.S. BUREAU OF RECLAMATION, a federal agency,
U.S. DEPARTMENT OF INTERIOR, a federal agency,
ELEPHANT BUTTE IRRIGATION DISTRICT, a quasi-municipal corporation of New Mexico, and
EL PASO COUNTY WATER IMPROVEMENT DISTRICT NO. 1, a political subdivision of the State of Texas,

Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Letter from Samantha R. Barncastle to the Court (dated March 15, 2013), filed March 15, 2013 (Doc. 188); (ii) Letter from Maria O'Brien to the Court (dated March 15, 2013), filed March 15, 2013 (Doc. 189); (iii) Letter from Jay F. Stein to the Court (dated March 15, 2013), filed March 15, 2013 (Doc. 190); (iv) Letter from R. Lee Leininger to the Court (dated March 15, 2013), filed March 15, 2013 (Doc. 191); and (v) Letter from Gary K. King, Stephen R. Farris and Sarah Bond to the Court (dated March 15, 2013, signed by Sarah Bond), filed March 15, 2013 (Doc. 192)("New Mexico's Letter"). The primary issue is

whether this case would become moot if the Supreme Court of the United States grants the State of Texas' motion for leave to file a complaint against the State of Colorado and Plaintiff State of New Mexico. For the reasons stated herein, the Court will stay litigation in this case until the Supreme Court decides whether to grant Texas' motion, and if the Supreme Court grants Texas' motion, the Court will continue the stay of litigation at least until the Supreme Court identifies all the parties and issues before the Supreme Court.

**PROCEDURAL BACKGROUND**

New Mexico filed its First Amended Complaint on February 14, 2012. See Doc. 45. New Mexico alleges that the United States Bureau of Reclamation is improperly operating the Rio Grande Project[1] in two ways. First, the Bureau of Reclamation reduced and released credit water from the Rio Grande Project in 2011. See First Amended Complaint ¶ 55, at 22, ¶ 64, at 24. Second, the Bureau of Reclamation executed the 2008 Operating Agreement with Elephant Butte Irrigation District and El Paso County Water Improvement District No. 1, which significantly changed the Rio Grande Project's historical operation. See First Amended Complaint ¶ 40, at 17. New Mexico alleges that the Bureau of Reclamation's actions violated provisions in the Rio Grande Compact, N.M.S.A. 1978 § 72-15-23, the Water Supply Act, 43 U.S.C. §§ 390, the Administrative Procedures Act, 5 U.S.C. §§ 701-706, the National Environmental Policy Act, 42 U.S.C. §§ 4331-4332, and Section 8 of the Reclamation Act of 1902, 43 U.S.C. § 383. See First Amended Complaint ¶¶ 1-8, at 33-34.

The City of Las Cruces filed its Complaint in Intervention on February 29, 2012. See The

[1]The Rio Grande Project consists of Elephant Butte Dam and Reservoir and Caballo Lake Dam and Reservoir. The Bureau of Reclamation stores water in the two reservoirs and releases water from the reservoirs for irrigation.

City of Las Cruces' Complaint in Intervention, filed February 29, 2012 (Doc. 60)("Las Cruces' Complaint"). Las Cruces alleges that the operational changes that the Bureau of Reclamation implemented under the 2008 Operating Agreement harm Las Cruces, because the principle results of the 2008 Operating Agreement "have been increased diversions of groundwater from the aquifer underlying the Lower Rio Grande Underground Water Basin," which is the source of Las Cruces' municipal water. Las Cruces' Complaint ¶ 15 at 3, ¶ 17 at 4. Las Cruces alleges that the Bureau of Reclamation did not comply with the National Environmental Policy Act when it entered into the 2008 Operating Agreement. Las Cruces' Complaint ¶ 11 at 7.

Defendant and Cross-Claimant Elephant Butte Irrigation District filed its cross-claim against the Bureau of Reclamation on April 26, 2012. See Elephant Butte Irrigation District's First Amended Answer to First Amended Complaint for Declaratory and Injunctive Relief, filed April 26, 2012 (Doc. 78)("EBID's Cross-claim"). Elephant Butte alleges that the Bureau of Reclamation illegally released water from the Rio Grande Project to the Republic of Mexico on or about April 1, 2012. See EBID's Cross-claim ¶ 9, at 17. Elephant Butte alleges that the Bureau of Reclamation's release of water to the Republic of Mexico: (i) is a breach of the 2008 Operating Agreement; (ii) violated a federal treaty with Mexico, see Convention between the United States and Mexico providing for the equitable distribution of the waters of the Rio Grande for irrigation purposes, May 21, 1906, 34 Stat. 2953; and (iii) constitutes a taking of property which entitles Elephant Butte to just compensation. See EBID's Cross-claim ¶¶ 10-31, at 17-20.

On January 8, 2013, El Paso County Water Improvement District No. 1 filed a notice that Texas filed a motion in the Supreme Court seeking leave to file a complaint against Colorado and New Mexico for violations of the Rio Grande Compact. See Notice of Filing of Motion for Leave to File Complaint, Complaint, and Brief in Support of Motion for Leave to File Complaint in the

United States Supreme Court, filed January 8, 2013 (Doc. 181)("Notice"). El Paso attached a copy of Texas' Proposed Complaint to its Notice. See Notice at 5-20 (Doc. 181-1)("Texas' Proposed Complaint"). Texas alleges that New Mexico allows surface water diversions and groundwater pumping in New Mexico, and in doing so, New Mexico breaches its obligations and responsibilities under the Rio Grande Compact. See Texas' Proposed Complaint ¶¶ 18-19, at 9-11. Texas' Proposed Complaint references the case now before this Court:

> New Mexico has attempted and continues to attempt to control the operation of the Rio Grande Project in contravention of the Rio Grande Project Act and the Rio Grande Compact, through novel interpretations of the Rio Grande Compact that New Mexico has offered in litigation it initiated in the United States District Court in New Mexico (*State of New Mexico v. U.S. Bureau of Reclamation, et al.*, No. Civ. 11-691 JB/WDS (D.N.M. filed Aug. 8, 2011)), and in Rio Grande Compact Commission meetings and deliberations. In the United States District Court action, New Mexico has asked the Court to interpret the Rio Grande Compact incorrectly in contravention of New Mexico's rights and obligations under the Compact, and thereby, among other things, enable New Mexico to vitiate a 2008 agreement among the United States, EBID [Elephant Butte Irrigation District ("Elephant Butte")] and EPCWID [El Paso County Water Improvement District ("El Paso")] relating to Project operations and the allocation of Project water to EBID and EPCWID. Operating Agreement for the Rio Grande Project (March 10, 2008); hereafter the "2008 Operating Agreement." The States of New Mexico and Texas are not parties to the 2008 Operating Agreement, nor is Texas a party to this federal court litigation in which New Mexico challenges the 2008 Operating Agreement.

Texas' Proposed Complaint ¶ 20, at 11-12. Texas asks the Supreme Court to "[i]ssue its Decree commanding the State of New Mexico . . . to . . . cease and desist all actions which interfere with and impede the authority of the United States to operate the Rio Grande Project." Texas' Proposed Complaint at 15-16.

On March 1, 2013, the Court requested that "the parties submit a letter to the Court stating their position as to whether this case would become moot if the Supreme Court of the United States grants the State of Texas' Motion for Leave to File Complaint." Minute Order, filed March 1, 2013 (Doc. 182). In its response to the Minute Order, Elephant Butte stated:

> If the Supreme Court grants Texas' Motion, EBID anticipates several entities will file motions to intervene, or otherwise seek to join indispensable parties, and once all the parties are determined, additional issues may be raised by each party in that action that could bear upon issues in this case. Therefore, it is impossible at this time to say what should happen to this case without knowing who the parties will be, and what the issues will be.

Letter from Samantha R. Barncastle to the Court at 1. El Paso responded to the Minute Order stating that "*any* ruling by the Supreme Court would moot this case," because New Mexico's claims and Texas' claims "relate directly to the interpretation and enforcement of the Rio Grande Compact." Letter from Maria O'Brien to the Court at 1, 3. El Paso stated that Elephant Butte's "cross-claim against the United States [] would not be mooted by the Supreme Court's accepting jurisdiction over Texas' Complaint. That cross-claim is not related to New Mexico's claims in the captioned case." Letter from Maria O'Brien to the Court at 4.

Las Cruces contends that:

> This case will remain an active case with respect to the City's Complaint in Intervention as the City's Complaint in intervention to compel the United States to undertake an Environmental Impact Statement ("EIS") over a 50-year period is a suit between Las Cruces and the United States which does not fall within the original jurisdiction of the United States Supreme Court.

Letter from Jay F. Stein to the Court at 1. Las Cruces also notes that the Supreme Court "has indicated a disinclination to hear environmental cases within its original jurisdiction." Letter from Jay F. Stein to the Court at 2. The Federal Defendants[2] assert:

> [T]he Complaint submitted by Texas to the Supreme Court may join many of the same issues presented in New Mexico's First Amended Complaint including the interpretation and enforcement of the Rio Grande Compact and the Secretarial

---

[2]The Federal Defendants are: (i) the United States of America; (ii) Kenneth L. Salazar, Secretary of the Department of Interior; (iii) Michael l. Connor, Commissioner of the Bureau of Reclamation; (iv) Filiberto Cortez, Manager of the El Paso Field Division of the Bureau of Reclamation; (v) the United States Bureau of Reclamation; and (vi) the United States Department of Interior.

> authority contained in the Rio Grande Project Act. Accordingly, any further action in this case should be stayed pending the Supreme Court's ruling on the Texas' motion.

Letter from R. Lee Leininger to the Court at 2.

New Mexico asserts that this case would not become moot if the Supreme Court grants Texas' motion for leave to file a complaint. See New Mexico's Letter. New Mexico contends: "Even if the Supreme Court were to grant the motion for leave, the granting of the motion is not a ruling on the merits, and it does not moot this case or divest this Court of jurisdiction." New Mexico also concedes, however: "Conceivably, the Supreme Court could at some point in the future order relief that so affects the dispute of the parties before this Court as to be an intervening event that moots some claims presented in this case." New Mexico's Letter at 1. New Mexico notes that the Supreme Court may not rule on Texas' motion for leave to file a complaint until a year after Texas filed its motion. See New Mexico's Letter at 2. New Mexico also contends that, even if the Supreme Court grants Texas' motion, "New Mexico and Las Cruces are still entitled to a review of the NEPA and Reclamation Act claims, as well as the Compact credit water claim which Texas did not raise in [its Proposed Complaint]." New Mexico's Letter at 2. New Mexico also notes that the "Supreme Court has long expressed a preference that claims between a state and the United States proceed in lower federal courts first." New Mexico's Letter at 5.

This case was not assigned to the Court until February 27, 2012. See Docket Entry, filed February 27, 2012. The case before this Court raises many legal issues. There are currently eleven pending motions. One of those is a motion for partial summary judgment, which the parties have not yet briefed. See Plaintiff State of New Mexico's Motion for Partial Summary Judgment on its First and Second Claims for Relief and Memorandum in Support (Release of New Mexico's Credit Water), filed August 24, 2012 (Doc. 133). This case is also in the early stages of litigation with New

Mexico filing its initial Complaint a little over a year and a half ago, and filing its motion for leave to file a second amended complaint four months ago. See Complaint for Declaratory and Injunctive Relief, filed August 8, 2011 (Doc. 1); Plaintiff State of New Mexico's Motion for Leave to File Second Amended Complaint and Memorandum in Support, filed October 29, 2012 (Doc. 158). That this case is in its early stages and that there are many legal issues indicates that the parties will file and brief many more motions, and make many more oral arguments, before the Court resolves this case.

**LAW REGARDING THE COURT'S MANAGEMENT OF ITS DOCKET**

"[T]he district court has the power . . . to control its docket for the purpose of 'economy of time and effort for itself, for counsel, and for litigants.'" Pet Milk Co. v. Ritter, 323 F.2d 586, 588 (10th Cir. 1963)(quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). The Court's inherent power to manage its docket includes the power to stay proceedings. See In re Kozeny, 236 F.3d 615, 620 (10th Cir. 2000)(quoting Landis v. North American Co., 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.")). The Court and counsel have the responsibility of "ensur[ing] that civil litigation is resolved not only fairly, but also without undue cost or delay." Fed. R. Civ. P. 1 advisory committee's note (1993 Amendments).

**ANALYSIS**

The Court will stay litigation in this case at least until after the Supreme Court rules on Texas' motion for leave to file a complaint. A ruling by the Supreme Court on Texas' Proposed Complaint may supercede any relief the State obtains from this Court. Moreover, the delay in waiting for the Supreme Court to rule on Texas' motion for leave to file a complaint is not undue.

Without a stay of litigation, counsel and the Court will expend significant time and effort on some issues which may become moot.

In determining whether to stay litigation, the Court considers the "economy of time and effort for itself, for counsel, and for litigants." Pet Milk Co. v. Ritter, 323 F.2d at 588 (quoting Landis v. N. Am. Co., 299 U.S. at 254). Staying litigation until the Supreme Court rules on Texas' motion for leave to file a complaint will not cause undue delay. New Mexico has indicated that it may take up to a year for the Supreme Court to rule on Texas' motion for leave to file a complaint, but did not suggest that a one-year delay would be undue. Las Cruces' Complaint seeks an order that the Federal Defendants perform a NEPA analysis over a 50-year period, which suggests Las Cruces is concerned with long-term effects of the 2008 Operating Agreement. A one-year delay, which amounts to two percent of a fifty-year period, does not on its face appear undue. Elephant Butte seeks declaratory and injunctive relief, and just compensation, for a one-time release of water to the Republic of Mexico. Although it is possible that the Bureau of Reclamation will at sometime in the future release water to the Republic of Mexico in a manner that Elephant Butte believes is wrong, there is no indication that such a release is likely.

Comparison of the claims in this case and those in Texas' Proposed Complaint suggest, at this time, that should the Supreme Court grant Texas' motion for leave to file a complaint, it would not moot the case before the Court. The Court has reviewed the claims in New Mexico's First Amended Complaint, Las Cruces' Complaint, and EBID's Cross-Claims. Those claims appear to be based on facts distinct from those in Texas' Proposed Complaint. The basic facts in this case include: (i) the 2011 reduction and release of credit water; (ii) the 2012 release of water to the Republic of Mexico; and (iii) federal law violations related to implementation of the 2008 Operating Agreement. Texas' Proposed Complaint is based primarily on New Mexico allowing surface

diversions and groundwater pumping in New Mexico, thereby decreasing the delivery of water to Texas. Thus, it appears to the Court that, if the Supreme Court grants Texas' motion for leave to file a complaint, the case currently before this Court would not be moot.

Should, however, additional parties with different legal issues join the case before the Supreme Court, as Elephant Butte and the Federal Defendants suggest, then it is possible, as New Mexico concedes, that the Supreme Court could order relief that would moot some of the issues before this Court. In that case, not staying litigation may cause the Court and the parties to expend significant time and effort on issues that a Supreme Court decision may supercede. It also appears that any relief the Supreme Court grants may supercede any relief this Court may grant, regardless whether new parties join and issues arise in the case before the Supreme Court. Texas' Proposed Complaint references the case currently before the Court and asks the Supreme Court to order New Mexico to "cease and desist all actions which interfere with and impede the authority of the United States to operate the Rio Grande Project." Texas' Proposed Complaint ¶ 2, at 15-16. This allegation leads the Court to believe that the Supreme Court could issue a decision regarding the 2008 Operating Agreement which might supercede a decision by the Court. If that were to happen, and in an absence of a stay of litigation in this case, the Court and the parties would have expended considerable time and effort to no effect.

In conclusion, the Court finds that a stay of litigation is warranted, because the risk of wasted effort outweighs a modest delay. Should the Supreme Court deny Texas' motion for leave to file a complaint, the Court will immediately lift the stay in this case, possibly within the next nine months. Should the Supreme Court grant Texas' motion for leave to file a complaint, the Court may continue the stay at least until the Supreme Court identifies all parties and issues in its case. The Court will then lift the stay and allow the parties in the case currently before this Court to thoroughly

brief which issues in this case are properly before the Supreme Court and which issues properly remain in this case.

**IT IS ORDERED** that litigation in this case is stayed pending a ruling by the Supreme Court of the United States on Texas' motion for leave to file a complaint. See Motion for Leave to File Complaint, Complaint, and Brief in Support of Motion for Leave to File Complaint, filed January 8, 2013 (Doc. 181-1). The parties are to notify the Court within ten days of any Supreme Court action changing the disposition of this case.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Gary K. King
Attorney General of New Mexico
Santa Fe, New Mexico

-- and --

Bennett W. Raley
Peggy Montano
Trout, Raley, Montano, Witwer & Freeman, P.C.
Denver, Colorado

-- and --

Fred Abramowitz
Abramowitz, Franks & Stroud
Albuquerque, New Mexico

-- and --

Stephen R. Farris
Assistant Attorney General
Sarah Bond
Assistant Attorney General
New Mexico Attorney General's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Jay F. Stein
Stein & Brockmann, P.A.
Santa Fe, New Mexico

*Attorney for the Intervenor Plaintiff City of Las Cruces*

Ruth Fuess Keegan
Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

-- and --

R. Lee Leininger
United States Department of Justice
Denver, Colorado

*Attorneys for the Defendant United States of America*

R. Lee Leininger
United States Department of Justice
Denver, Colorado

*Attorney for the Defendants Kenneth L. Salazar, Michael L. Connor, Filiberto Cortez, United States Bureau of Reclamation and United States Department of Interior*

Samantha R. Barcastle
Steven L. Hernandez
Law Office of Steven L. Hernandez, P.C.
Las Cruces, New Mexico

*Attorneys for the Defendant Elephant Butte Irrigation District*

James M. Speer, Jr.
El Paso, Texas

-- and --

Maria O'Brien
Sarah M. Stevenson
Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Defendant El Paso County Water Improvement District No. 1*